IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**WILLIAM B. GOODPASTER,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　　　　　　　**CASE NO. 1:08CV100-SPM/AK**

**BAILEY INDUSTRIES, et al,**

    **Defendants.**

                              /

## REPORT AND RECOMMENDATION

Presently before the Court is Plaintiff's amended complaint wherein he seeks to assert civil rights violations against a private employer and an insurance company for physical injuries suffered on the job. (Doc. 6).

**I.  Standard of Review**

A court may dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A.  *Pro se* complaints are to be held to a less stringent standard than those drafted by an attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972).  However, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory."  Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla.

1995).  It cannot be assumed that a Plaintiff will prove facts which have not been alleged.  Quality Foods de Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983).  Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice."  Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996). Additionally, the court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it.  Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

**II.    Analysis**

A private person or corporation acts under color of state law when engaged in a conspiracy with state officials to deprive another of federal rights.  Tower v. Glover, 467 U.S. 914 (1984).  However, if the assertion of a conspiracy between a state official and a private party is unsupported by any operative facts, is insufficient to show the required state-action nexus.  Dessasau v. Cook, 2001 WL 34395880 (11th Cir.).

A court must determine on a case by case basis whether there is sufficient state action by a private actor to sustain a section 1983 cause of action.  Willis v. University Health Services, 993 F.2d 837 (11th Cir. 1993).  A plaintiff must how that the "symbiotic relationship between the public and private entities" involved the alleged violation of federal or constitutional law.  Patrick v. Floyd Medical Center, 201 F.3d 1313, 1316 (11th Cir. 2000).

**No. 1:08cv100-SPM/AK**

Plaintiff has not alleged that either of these entities was acting under color of state law or otherwise engaging in activities that could be fairly attributable to the state. See <u>Lugar v. Edmonson Oil Co.</u>, 457 U.S. 922 (1982).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 6, be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Gainesville, Florida, this  **29th**  Day of August, 2008.

<pre>                                    s/ A. KORNBLUM
                                    ALLAN KORNBLUM
                                    UNITED STATES MAGISTRATE JUDGE</pre>

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:08cv100-SPM/AK**